# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Suzanne B. Conlon | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 12 C 2826 | **DATE** | 5/25/12 |
| **CASE TITLE** | Michael Mejia (K83133) vs. Chris Harrington, et al. | | |

**DOCKET ENTRY TEXT**

Plaintiff's motion for leave to proceed *in forma pauperis* (Dkt. No. 3), is granted. The court orders the trust fund officer at plaintiff's place of incarceration to make monthly deductions in accordance with this order. The clerk shall send a copy of this order to the trust fund officer at the Pontiac Correctional Center. The complaint (Dkt. No. 1), is dismissed on initial review pursuant to 28 U.S.C. § 1915A. Plaintiff was previously assessed strikes under § 1915(g) in *Mejia v. Walker*, No. 09 C 692 (N.D. Ill.), and *Mejia v. Ghosh*, No. 10 C 7744 (N.D. Ill.). This case is plaintiff's third strike. He is warned that he must comply with the requirements of 28 U.S.C. § 1915(g), and *Sloan v. Lesza*, 181 F.3d 858 (7th Cir. 1999). His motion for appointment of counsel (Dkt. No. 4), and any other pending motions are moot. The clerk is requested to enter a Rule 58 Judgment in favor of defendants against plaintiff.

■ [ For further details see text below.]

*Docketing to mail notices.*

## STATEMENT

Pro se plaintiff Michael Mejia, an Illinois Department of Corrections inmate, has brought a civil rights suit pursuant to 42 U.S.C. § 1983. Pending before the Court is plaintiff's motion for leave to proceed *in forma pauperis* (Dkt. No. 3), complaint for an initial review pursuant to 28 U.S.C. § 1915A, (Dkt. No. 1), and motion for appointment of counsel. (Dkt. No. 4).

Plaintiff's motion for leave to proceed *in forma pauperis* (Dkt. No. 3), is granted. Pursuant to 28 U.S.C. § 1915(b)(1), plaintiff is assessed an initial partial filing fee of $1.67. The trust fund officer at plaintiff's place of incarceration is authorized and ordered to collect the partial filing fee from plaintiff's trust fund account and pay it directly to the Clerk of Court. After payment of the initial partial filing fee, plaintiff's trust fund officer is directed to collect monthly payments from plaintiff's trust fund account in an amount equal to 20% of the preceding month's income credited to the account. Monthly payments shall be forwarded to the Clerk of Court each time the amount in the account exceeds $10 until the full $350 filing fee is paid. All payments shall be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, Illinois 60604, attn: Cashier's Desk, 20th Floor, and shall clearly identify plaintiff's name and this case number. This payment obligation will follow plaintiff wherever he may be transferred.

Turning to the initial review of plaintiff's complaint, (Dkt. No. 1), the court is required to dismiss a suit brought *in forma pauperis* if it determines that the complaint is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A. The following facts, drawn from the complaint (Dkt. No. 1), are accepted as true and all reasonable inferences are made in the light most favorable to plaintiff. *Parish v. City of Elkhart*, 614 F.3d 677, 679 (7th Cir. 2010) (citing *Johnson v. Rivera*, 272 F.3d 519, 520 (7th Cir. 2001)). This court

# STATEMENT

"construe[s] pro se complaints liberally and hold[s] them to a less stringent standard than formal pleadings drafted by lawyers." *Bridges v. Gilbert*, 557 F.3d 541, 546 (7th Cir. 2009) (citing *Erickson v. Pardus*, 551 U.S 89, 94 (2007) (per curiam); *Obriecht v. Raemisch*, 417 F.3d 489, 492 n.2 (7th Cir. 2008)).

"To satisfy the notice-pleading standard, a complaint must provide a 'short and plain statement of the claim showing that the pleader is entitled to relief,' which is sufficient to provide the defendant with 'fair notice' of the claim and its basis." *Bridges*, 557 F.3d at 545 (quoting *Erickson*, 551 U.S at 89). "'[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Reger Dev., LLC v. Nat'l City Bank*, 592 F.3d 759, 763 (7th Cir. 2010) (quoting *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "The complaint must actually *suggest* that the plaintiff has a right to relief, by providing allegations that raise a right to relief above the speculative level." *Bridges*, 557 F.3d at 546 (internal quotation marks and citations omitted) (emphasis in original). "Any written instrument attached to the complaint is considered part of the complaint." *Moranski v. Gen. Motors Corp.*, 433 F.3d 537, 539 (7th Cir. 2005) (citing FED. R. CIV. P. 10(c)).

Plaintiff alleges that he has been subjected to a variety of harassment by Stateville Correctional Center correctional officials. He was wrongfully labeled as a "snitch" placing him in danger from other inmates. This labeling prevented him from obtaining a prison job, and resulted in transfer to a different prison, and subsequent placement in segregation. He also claims that he has suffered through searches of his cell. Plaintiff claims that he has been suffering from these actions because he failed to cooperate with internal affairs investigators and also because he filed a prior federal lawsuit. The alleged wrongful actions were all taken at the direction, or had the after the fact approval of, a prison disciplinary committee.

The prison disciplinary committee findings (which plaintiff has included with his complaint and so are properly considered), present a very different view of plaintiff. He was found by the committee to be a gang member who possessed the "Almighty Insane Latin Count Penitentiary / Jail Constitution Laws" in his cell. (Dkt. No. 1-3 at 3-4). In addition, instead of being harassed for no good reason, the prison disciplinary committee found that plaintiff was part of a conspiracy to organize inmate driven protests at Stateville. (Dkt. No. 1-3 at 6-10). The prison's investigation into these protests included approximately 110 prisoner interviews and 30 cell searches.

There are two competing views presented in the complaint. Plaintiff's view is that he suffered a variety of harassments and retaliations by prison officials. In contrast is the adjustment committee's view that plaintiff is a gang member and agitator who was the target of a prison investigation. The alleged incidents would be understandable as part of the investigation and corrective actions to stop plaintiff and keep order in the prison. The key question in the case turns on how to view the situation — plaintiff's view or the prison disciplinary committee's.

The court must follow the prison disciplinary committee's view under *Heck v. Humphrey*, 512 U.S. 477 (1994), as applied to prison proceedings in *Edwards v. Balisok*, 520 U.S. 641 (1997). "*Heck* [] holds that plaintiff in an action under 42 U.S.C. § 1983 may not pursue a claim for relief that implies the invalidity of a criminal conviction, unless that conviction has been set aside by appeal, collateral review, or pardon. *Edwards*, [] extends this doctrine to the decisions of prison disciplinary tribunals." *Gilbert v. Cook*, 512 F.3d 899, 900 (7th Cir. 2008) (citations omitted). The rule bars a prisoner in his civil rights case from challenging a finding in his criminal or prison-discipline case that was essential to the prison's decision; if he insists on doing so, the civil rights case must be dismissed." *Moore v. Mahone*, 652 F.3d 722, 723 (7th Cir. 2011) (citing *Okoro v. Callaghan*, 324 F.3d 488, 490 (7th Cir. 2003)).

## STATEMENT

The essential issue in this case was previously adjudicated by the prison disciplinary committee. Plaintiff was found to be a gang member and prison agitator. That fact cannot be rejected by this court under *Heck* and *Edwards* because the disciplinary committee decision still stands. This dooms plaintiff's case. The challenged actions are rational attempts to address and control plaintiff's unlawful gang and agitation efforts. *Whitley v. Albers*, 475 U.S. 312, 321-22 (1986) (quoting *Bell v. Wolfish*, 441 U.S. 520, 547 (1979) ("'Prison administrators should be accorded wide-ranging deference in the adoption and execution of policies and practices that in their judgment are needed to preserve internal order and discipline and to maintain institutional security.'")). This case is dismissed and plaintiff is assessed a strike under 28 U.S.C. § 1915(g).

Plaintiff is warned that if a prisoner accumulates a total of three federal cases or appeals dismissed as frivolous, malicious, or failing to state a claim, (i.e, "strikes"), that prisoner may not file suit in federal court without prepaying the filing fee unless he is in imminent danger of serious physical injury. 28 U.S.C. § 1915(g). A prisoner with three strikes under § 1915(g) is also required to alert a federal court of this fact when filing a new suit in that Court. *See Ammons v. Gerlinger*, 547 F.3d 724, 725 (7th Cir. 2008) (citing *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999)). Failure to inform any new Court of the prior three strikes will result in an automatic dismissal of the new case while still requiring payment of the filing fee, and barring any future litigation (other than criminal cases and petitions challenging the terms of confinement) until the filing fee is paid in full. *Sloan*, 181 F.3d at 859. The plaintiff was previously assessed a strike under § 1915(g) in *Mejia v. Walker*, No. 09 C 692 (N.D. Ill.), and *Mejia v. Ghosh*, No. 10 C 7744 (N.D. Ill.). This case is the plaintiff's third strike. He is warned that he must comply with the requirements of 28 U.S.C. § 1915(g), and *Sloan v. Lesza*, 181 F.3d 858 (7th Cir. 1999).

If plaintiff wishes to appeal this dismissal, he must file a notice of appeal with this Court within thirty days of the entry of judgment. Fed. R. App. P. 4(a)(4). A motion for leave to appeal *in forma pauperis* should set forth the issues plaintiff plans to present on appeal, *see* Fed. R. App. P. 24(a)(1)(C), and comply with the requirements of 28 U.S.C. § 1915(g), and *Sloan v. Lesza*, 181 F.3d 858 (7th Cir. 1999), as explained in the preceding paragraph. If the plaintiff does choose to appeal, he will be liable for the $455 appellate filing fee irrespective of the outcome of the appeal. *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

*Suzanne B. Conlon*